RYAN LUCKSINGER, CHAPTER 7 TRUSTEE
P.O. BOX 1257
ROCKLIN, CA 95677
(916) 580-3366

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

**MARVIN DUANNE FARIAS**

,Debtor(s)

Case No. 09-47962- C -7

DCN: FRL - 03
DATE: May 25, 2010
TIME: 9:30 a.m.
DEPT: C, Courtroom 35, 6th Floor

TRUSTEE'S MOTION FOR SALE OF ASSETS AND

DECLARATION

I, RYAN LUCKSINGER, the duly appointed trustee in the above entitled matter, hereby move for an order authorizing the sale of real property commonly known as "0" Pride Way, Bangor, California for a total of $69,000, subject to overbids at the time of hearing:

1. The Debtor herein filed bankruptcy on December 22, 2009. I have been appointed Trustee for the bankruptcy estate.
2. The Debtor owns real property commonly known as "0" Pride Way Bangor, California (County Assessor's Parcel No. 028-390-026-000, hereafter the "Real Property"). The Real Property is not the Debtor's residence.
3. The Debtor has not made a claim of exemption pursuant to California Code of Civil Procedure Section.
4. On April 14th, 2010, this court approved the employment of Vickie Houghton as realtor for the estate.

5. I have received and accepted an offer to purchase the Real Property from Douglas W. Isham and Krisna Gilbert (hereafter the "Buyer"). The terms of the agreement are as follows:

   a. The gross purchase price is $69,000.

   b. Buyers have deposited $1,000 into an escrow account at Bidwell Title. The deposit becomes non-refundable upon certain conditions.

   c. The purchase is subject to the consideration by the court of overbids at the time of hearing. Overbids are recommended to be in increments of $1,000. Any party wishing to overbid is required to bring a cashiers check for $70,000 made payable to the bankruptcy estate of FARIAS. $70,000 is due at the time the bidding has concluded, with any remaining funds due by 5:00PM the day of the hearing. In the event of a successful overbid, the realtor Vickie Houghton will still be entitled to a commission fee of 4%, 8% if she represents both the bankruptcy estate and the party over bidding.

   d. The buyers will assume the existing loan balance, including late charges, back payments and attorneys fees totaling approximately $55,000.

   e. Close of escrow will be no more than 60 days from the date of entry of the order approving the sale.

   f. The sellers portion of escrow, title and recording fees is estimated to be less than $740. Realtor commissions expected to be paid in connection with this sale is 8% of the gross sales price, currently estimated to be $5,520.

   g. The property is sold "as is, where is" and Delivery of occupancy of the property is <u>not</u> a condition of the sale.

6. I have reviewed a Preliminary Title Report prepared by Bidwell Title Company, dated April 26th, 2010. The Real Property is held subject to a Deed of Trust in favor of <u>Vernon R. Carter and Beverly E. Carter as Trustees for the Carter Family Trust</u> dated May 3, 2007 in the amount of $55,000. There are no other liens of record.

7. I have estimated that the sale as proposed above will generate approximately $8,000 of net proceeds to the bankruptcy estate after payment for the costs of sale, liens and exemption of the Debtor.

8. The time for the filing of timely claims has not passed. There is approximately $50,680 of unsecured debt on four credit card accounts. The Trustee anticipates claims will be filed in this bankruptcy case and feels the sale of this property will generate funds which will benefit the unsecured creditors.

For the reasons above, I pray for an order of the court as follows:

1. Authorizing the sale of real property commonly known as "0" Pride Way Bangor, California (County Assessor's Parcel No. 028-390-026-000 ) to Douglas W. Isham and Krisna Gilbert for a purchase price of $69,000 or over bidder if applicable.

2. Authorizing the Trustee to pay all necessary costs through the escrow to complete the sale. Including realtor commissions of 8%, title, escrow, recording fees, natural hazard fee, and prorated seller property taxes.

3. Authorizing the Trustee to execute all documents necessary to conclude the sale.

4. Requiring close of escrow no later than 60 days from the date of entry of the order approving the sale and authorizing the Trustee to extend the deadline for close of escrow up to 60 days from the date of entry of this order if the Trustee determines

such extension is in the best interest of the estate, upon the condition that the Buyers agree to pay any additional interest or other costs incurred by the delay.

Respectfully submitted:

DATED: May 25, 2010

      /s/ Ryan Lucksinger
     Ryan Lucksinger, Trustee

## DECLARATION

I, RYAN LUCKSINGER, hereby declare under penalty of perjury:

1. I am the Trustee in this case.
2. I have reviewed all of the foregoing and it is true and correct and if called I would so testify.

DATED: May 25, 2010

      /s/ Ryan Lucksinger
     Ryan Lucksinger, Trustee